IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT F. HALLMAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-686-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas. | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a purported petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Robert F. Hallman, a state prisoner confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

On September 20, 2018, a jury in Tarrant County, Texas, Case No. 1548964R, found Petitioner guilty on two counts of aggravated sexual assault of a child under 14 years of age, two counts of indecency with a child, and one count of sexual assault of a child under 17 years of age and sentenced him to life imprisonment in each instance. Resp't's Resp. 16-27, ECF No. 10. On May 7, 2020, the state appellate court reversed and remanded the case for a new trial. *Hallman v. State*, 603 S.W.3d 178 (Tex. App.–Fort Worth 2020, pet. granted). The case is currently pending in the Texas Court of Criminal Appeals on the state's petition for discretionary review. Petitioner's bail pending appeal was set by the state appellate court at $75,000. Resp't's Resp. 30-33, ECF No. 10.

## II. ISSUES

In this bare-bones petition, Petitioner claims that he is being deprived of due process and

equal protection of the law as well as his Eighth Amendment right to bail and protection from cruel and unusual punishment because he is being denied reasonable bail pending appeal. Pet. 1-2, ECF No. 1.

## IV. DISCUSSION

### A. Preliminary Matters

Respondent raises several preliminary matters. First, Respondent asserts that, although titled and initiated in this Court as a petition under 28 U.S.C. § 2241, § 2241 does not apply to Petitioner as he is currently in custody pursuant to a state court judgment. Resp't's Resp. 4, ECF No. 10. This Court agrees. Irrespective of the label a petitioner uses, a court must consider a filed habeas petition under the proper statutory framework. *See Felker v. Turpin,* 518 U.S. 651, 662-65 (1996) (discussing differences in types of habeas petitions); *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000) (relying on *Felker* for looking beyond the label a given petitioner may use to characterize his action); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (indicating that a court may construe and re-characterize a pro se prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"). Section 2254 is reserved for habeas petitions on "behalf of a person in custody pursuant to a judgment of a State court." 28 U.S.C. § 2254(a). Petitioner is such a person; thus, his petition is properly construed as a petition arising under § 2254.

Respondent also asserts that the petition does not "substantially follow" the form required for a petition under 28 U.S.C. § 2254. RULES GOVERNING SECTION 2254 CASES 2(d). Although that is true, the petition was initiated in this Court as titled—a petition under 28 U.S.C. § 2241, and it would serve no purpose at this juncture to require Petitioner to complete and submit a form § 2254

petition.

Finally, Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust his claims in state court. Although that also appears to be true, a court may deny a § 2254 petition on the merits, notwithstanding a petitioner's failure to exhaust his state court remedies. *Id.* § 2254(b)(2).

### B. Bail Pending Appeal

A state petitioner is entitled to relief under § 2254 if he is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.* § 2254(a). There is no absolute federal constitutional right to bail pending appeal. *Ballard v. State of Tex.*, 438 F.2d 640, 640 (5th Cir. 1971). Nevertheless, "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably." *Young v. Hubbard,* 673 F.2d 132, 134 (5th Cir. 1982) (quoting *Finetti v. Harris,* 609 F.2d 594, 599 (2d Cir. 1979). Article 44.04(h) of the Texas Code of Criminal Procedure provides:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. . . .

TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West Supp. 2017).

In this case, the court of appeals determined Petitioner was eligible for bail and set bail at $75,000, having considered the criteria provided in article 17.15 of the Texas Code of Criminal

3

Procedure,[1] and other pertinent factors under state law, and the following argument of the state:

> [Petitioner] poses a greater flight risk than he did prior to trial because of the serious nature of the offenses, because—if the case is remanded—the State intends to retry him, because of his multiple prior convictions, and because [Petitioner]'s release on bail poses a serious threat to the future safety of the victims and others based on testimony during his trial and his behavior during pretrial hearings.

Resp't's Resp. 31-32, ECF No. 10.

It appears that the proper procedure was implemented; thus, any liberty interest created by article 44.04(h) under the Due Process Clause of the Fourteenth Amendment is not implicated. Nor does Petitioner demonstrate that the bail set was intentionally discriminatory or greater than that usually fixed for others charged with the same or similar criminal offenses under these circumstances for purposes of invoking the Equal Protection Clause of the Fourteenth Amendment. Petitioner also fails to establish that the bail set by the court of appeals is excessive for purposes of the Eighth

---

[1] Article 17.15 (Rules for Fixing Amount of Bail) provides:

> The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:
>
> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with;
>
> 2. The nature of the offense for which Probable Cause has been found and the circumstances under which the offense was allegedly committed are to be considered, including both aggravating and mitigating factors for which there is reasonable ground to believe shown, if any;
>
> 3. The ability to make bail is to be regarded, and proof may be taken upon this point;
>
> 4. The future safety of the victim may be considered, and if this be a factor, release to a third person should also be considered; and
>
> 5. The Judicial Officer shall also consider the accused's employment history, residency, family affiliations, prior criminal record, previous court appearance performance and any outstanding bonds.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2015).

Amendment. "Bail set at a figure higher than an amount reasonably calculated to fulfill [the] purpose [of assuring the defendant's appearance at trial] is 'excessive' under the Eighth Amendment." *Stack v. Boyle,* 342 U.S. 1, 5 (1951). An inability to pay does not make bail excessive under the Eighth Amendment. *See United States v. McConnell,* 842 F.2d 105, 107 (5th Cir. 1988). In light of the factors relevant under Texas law, the court of appeals's determination is neither arbitrary nor unreasonable so as to ensure Petitioner's presence at trial.

For the reasons discussed, the clerk of Court shall **RE-DESIGNATE** this case on the docket as a petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254. Also for the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 10th day of February, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**